1

**MANATT, PHELPS & PHILLIPS, LLP**
JOHN W. MCGUINNESS (Bar No. 277322)

2
E-Mail: JMcGuinness@manatt.com
ALEXANDRA N. KRASOVEC (Bar No. 279578)

3
E-Mail: AKrasovec@manatt.com
2049 Century Park East, Suite 1700

4
Los Angeles, California 90067
Telephone: 310.312.4000

5
Facsimile: 310.312.4224

6
Attorneys for Defendant
VOLLARA, LLC

7

8
UNITED STATES DISTRICT COURT

9
NORTHERN DISTRICT OF CALIFORNIA

10

11
JOHNATHAN THREDE, individually and on
behalf of all others similarly situated,

No. 3:21-cv-03865-JSC

12
Plaintiff,

**DEFENDANT VOLLARA, LLC'S
NOTICE OF MOTION AND MOTION
TO DISMISS AND/OR STRIKE CLASS
ALLEGATIONS FROM PLAINTIFF'S
COMPLAINT**

13
v.

14
VOLLARA, LLC and BOB SAGAR,

15
Defendants.

Date:        September 2, 2021
Time:        9:00 a.m.
Judge:       Hon. Jacqueline Scott Corley
Filed:       May 21, 2021

16

17

18

19

20

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................................................... 1

II.   RELEVANT FACTS ..................................................................................................... 2

    A.    Jurisdictional Facts ......................................................................................... 2

    B.    Plaintiff's Individual Allegations ................................................................... 3

    C.    Plaintiff's Class Allegations ........................................................................... 3

III.   APPLICABLE LEGAL STANDARDS ........................................................................ 4

    A.    Fed. R. Civ. P. Rule 12(b)(1): Lack of Subject Matter Jurisdiction
        (Standing) ......................................................................................................... 4

    B.    Fed. R. Civ. P. 12(b)(2): Lack of Personal Jurisdiction ................................. 4

    C.    Fed. R. Civ. P. 12(b)(5): Improper Service of Process .................................. 5

    D.    Fed. R. Civ. P. 12(b)(6): Failure to State a Claim For Relief ........................ 5

    E.    Fed. R. Civ. P. 12(f) and 23: Striking Class Allegations ............................... 6

IV.   ARGUMENT ................................................................................................................. 7

    A.    The Complaint Must Be Dismissed Under Rule 12(b)(1) Because Plaintiff
        Lacks Constitutional Standing. ....................................................................... 7

    B.    This Court Lacks Personal Jurisdiction Over Vollara. ................................... 9

        1.    This Court Lacks General Jurisdiction Over Vollara. ......................... 9

        2.    This Court Lacks Specific Jurisdiction Over Vollara. ...................... 10

    C.    The Complaint Should Be Dismissed Under Fed. R. Civ. P. 12(b)(5)
        Because Plaintiff Failed to Serve Vollara as Required Under Fed. R. Civ.
        P. 4. ............................................................................................................... 15

    D.    Plaintiff Fails To State A TCPA Claim Under Rule 12(b)(6). ..................... 16

        1.    Plaintiff Has Not Pled Sufficient Facts to Show Vicarious Liability ........ 16

        2.    Plaintiff Has Not Pled Sufficient Facts to Show the Calls Were
            Made Using an Artificial or Prerecorded Voice. ............................. 17

    E.    Plaintiff's Facially Uncertifiable Class Allegations Should Be Stricken
        Under Rules 12(F) and 23. ............................................................................ 19

        1.    Plaintiff's Class Definition is Overbroad. ........................................ 19

        2.    Plaintiff is Not a Member of the Class He Seeks to Represent. ........ 20

V.    CONCLUSION ............................................................................................................ 21

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- i -

CASE NO. 3:21-CV-03865-JSC
DEFENDANT'S MOTION TO DISMISS AND/OR
STRIKE PLAINTIFF'S COMPLAINT

1

# TABLE OF AUTHORITIES

2

**Page**

3

## CASES

4

*Abitbol v. Homelink, LLC,*
   2020 WL 5102149 (C.D. Cal. July 28, 2020) ........................................................ 14

*Alan v. BrandRep, Inc.,*
   2016 WL 10988679 (C.D. Cal. Nov. 28, 2016)....................................................... 21

*American Western Door & Trim v. Arch Specialty Ins. Co.,*
   2015 WL 1266787 (C.D. Cal. Mar. 18, 2015) .......................................................... 6

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) .................................................................................................. 6

*Associated Gen. Contractors of Am., San Diego Chapter, Inc. v. California Dep't of Transp.,*
   713 F.3d 1187 (9th Cir. 2013)................................................................................... 7

*Bank v. Vivint Solar, Inc.,*
   2019 WL 2280731 (E.D.N.Y. Feb. 25, 2019), *report and rec. adopted*, 2019 WL 1306064 (Mar. 22, 2019) ....................................................................................... 12

*Barker v. Sunrun Inc.,*
   2019 WL 1983291 (D.N.M. Apr. 29, 2019) .............................................................. 8

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007) .................................................................................................. 6

*Boschetto v. Hansing,*
   539 F.3d 1011 (9th Cir. 2008)................................................................................. 10

*Brahmana v. Lembo,*
   2009 WL 1424438 (N.D. Cal. May 20, 2009) ........................................................ 16

*Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cty.,*
   137 S. Ct. 1773 (2017) ......................................................................................... 9, 10

*Butcher's Union Local No. 498, United Food & Commercial Workers v. SDC Inv., Inc.,*
   788 F.2d 535 (9th Cir. 1986).................................................................................... 4

*Caruso v. Cavalry Portfolio Svcs., et al.,*
   2019 WL 4747679 (S.D. Cal. Sept. 30, 2019) ....................................................... 18

*Chapman v. Teamsters Loc. 853,*
   2007 WL 3231736 (N.D. Cal. Oct. 30, 2007)......................................................... 15

*Childress v. Liberty Mut. Ins. Co.,*
   2018 WL 4684209 (D.N.M. Sept. 28, 2018) .......................................................... 17

*Daimler AG v. Bauman,*
   571 U.S. 117 (2014) ............................................................................................ 9, 10

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- ii -

CASE NO. 3:21-CV-03865-JSC
DEFENDANT'S MOTION TO DISMISS AND/OR
STRIKE PLAINTIFF'S COMPLAINT

1

2

**TABLE OF AUTHORITIES**
(continued)

**Page**

3

4

*DaimlerChrysler Corp. v. Cuno,*
    547 U.S. 332 (2006) ........................................................................................... 8

*Davidson v. Kimberly Clark,*
    889 F.3d 956 (9th Cir. 2018) ............................................................................ 8

5

6

*Dole Food Co., Inc. v. Watts,*
    303 F.3d 1104 (9th Cir. 2002) ........................................................................ 10

7

8

*Flores v. City of Cal. City,*
    2019 WL 1934016 (E.D. Cal. May 1, 2019) ................................................... 7

9

*Forney v. Hair Club for Men Ltd., Inc.,*
    2017 WL 4685549 (C.D. Cal. June 26, 2017) .............................................. 17

10

11

*Freidman v. Massage Envy Franchising, LCC,*
    2013 WL 3026641 (S.D. Cal. June 13, 2013) ......................................... 8, 14

12

*Gen. Motors Corp. v. Superior Ct.,*
    15 Cal. App. 3d 81 (1971) .............................................................................. 15

13

*Gen. Tel. Co. of the Sw. v. Falcon,*
    457 U.S. 147 (1982) ....................................................................................... 20

14

15

*Gonzalez v. DDR Partners, Inc.,*
    2009 WL 10695747 (N.D. Cal. Jan. 14, 2009) ............................................ 15

16

*Goodyear Dunlop Tires Operations, S.A. v. Brown,*
    564 U.S. 915 (2011) ....................................................................................... 10

17

18

*Greene v. Wells Fargo Bank, N.A.,*
    2019 WL 3220267 (N.D. Cal. July 17, 2019) ................................................ 6

19

*Hartmann v. Cal. Dep't of Corr. and Rehab.,*
    707 F.3d 1114 (9th Cir. 2013) .......................................................................... 7

20

*Helicopteros Nacionales de Colombia, S.A. v. Hall,*
    466 U.S. 408 (1984) ......................................................................................... 9

21

22

*Hicks v. Alarm.com,*
    2020 WL 9261758 (E.D. Va. Aug. 6, 2020) .............................................. 4, 8

23

*In re Exodus Commc'ns, Inc. Sec. Litig.,*
    2006 WL 2355071 (N.D. Cal. Aug. 14, 2006) .............................................. 7

24

25

*International Shoe Co. v. Washington,*
    326 U.S. 310 (1945) ......................................................................................... 5

26

*Johansen v. Vivant, Inc.,*
    2012 WL 6590551 (N.D. Ill. Dec. 18, 2012) .............................................. 17

27

*Jones v. Royal Admin. Servs., Inc.,*
    866 F.3d 1100 (9th Cir. 2017) ........................................................................ 11

28

Manatt, Phelps &
Phillips, LLP
Attorneys at Law
Los Angeles

- iii -

CASE NO. 3:21-CV-03865-JSC
DEFENDANT'S MOTION TO DISMISS AND/OR
STRIKE PLAINTIFF'S COMPLAINT

1

2

**TABLE OF AUTHORITIES**
(continued)

**Page**

3

4

*Jones v. Royal Admin. Servs., Inc.*,
    887 F.3d 443 (9th Cir. 2018).................................................................. 11

5

*Kas v. Mercedes-Benz USA, LLC*,
    2011 WL 13238744 (C.D. Cal. Aug. 23, 2011)....................................... 19

6

*Knapp v. Sage Payment Sols., Inc.*,
    2018 WL 659016 (N.D. Cal. Feb. 1, 2018) ............................................. 14

7

8

*Langan v. United Svcs. Auto. Assoc.*,
    69 F. Supp. 3d 965 (N.D. Cal. 2014) ......................................................... 6

9

*LegalForce RAPC Worldwide P.C. v. GLOTRADE*,
    2019 WL 5423463 (N.D. Cal. Oct. 23, 2019) ........................................... 9

10

11

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
    572 U.S. 118 (2014)............................................................................. 4, 7

12

*Licari Family Chiropractic Inc. v. eClinical Works, LLC*,
    2019 WL 7423551 (M.D. Fla. Sept. 16, 2019) ....................................... 20

13

*Linlor v. Five9, Inc.*,
    2017 WL 5885671 (S.D. Cal. Nov. 29, 2017) .................................... 11, 12

14

15

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992)......................................................................... 4, 7, 8

16

*Meeks v. Buffalo Wild Wings, Inc.*,
    2018 WL 1524067 (N.D. Cal. Mar. 28, 2018).......................................... 12

17

18

*Meyer v. Portfolio Recovery Assocs., LLC*,
    707 F.3d 1036 (9th Cir. 2012)................................................................. 16

19

*Michael v. New Century Fin. Servs.*,
    65 F. Supp. 3d 797 (N.D. Cal. 2014) ....................................................... 10

20

*Musgrave v. Taylor Farms Pac., Inc.*,
    2018 WL 11033583 (N.D. Cal. Oct. 17, 2018)........................................... 7

21

22

*N. Sails Grp., LLC v. Boards & More GmbH*,
    2019 WL 7833138 (E.D. Wash. Nov. 18, 2019), *reconsideration denied*, 2020 WL
    529710 (E.D. Wash. Jan. 14, 2020) ......................................................... 10

23

24

*Naiman v. Freedom Forever, LLC*,
    2019 WL 1790471 (N.D. Cal. Apr. 24, 2019) **(Corley, J.)** ..................... 13

25

*Naiman v. TranzVia LLC*,
    2017 WL 5992123 (N.D. Cal. Dec. 4, 2017) ..................................... passim

26

*Osborne v. Nat'l Truck Funding, LLC*,
    2013 WL 3892946 (E.D. Cal. July 26, 2013) ............................................ 5

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- iv -

CASE NO. 3:21-CV-03865-JSC
DEFENDANT'S MOTION TO DISMISS AND/OR
STRIKE PLAINTIFF'S COMPLAINT

1

## TABLE OF AUTHORITIES
(continued)

2

**Page**

3

*Padilla v. Whetstone Partners, LLC*,

4

    2014 WL 3418490 (S.D. Fla. July 14, 2014) ........................................................ 18

*Panacci v. A1 Solar Power, Inc.*,

5

    2015 WL 3750112 (N.D. Cal. June 15, 2015) ...................................................... 14

6

*Pepka v. Kohl's Dep't Stores, Inc.*,

    2016 WL 8919460 (C.D. Cal. Dec. 21, 2016) ........................................................ 6

7

*Perez v. Wells Fargo Bank, N.A.*,

8

    2018 WL 2129822 (N.D. Cal. May 9, 2018) ........................................................ 19

9

*Phan v. Grand Bahama Cruise Line, LLC*,

    2016 WL 1427648 (N.D. Cal. Apr. 12, 2016) ................................................. 14, 17

10

*Reo v. Caribbean Cruise Line, Inc.*,

    2016 WL 1109042 (N.D. Ohio Mar. 18, 2016) ............................................... 17, 18

11

*Reynolds v. Binance Holdings Ltd.*,

12

    481 F. Supp. 3d 997 (N.D. Cal. 2020) .................................................................... 5

13

*Rogers v. Postmates Inc.*,

    2020 WL 3869191 (N.D. Cal. July 9, 2020), *appeal dismissed*, 2021 WL 455321 (9th

14

    Cir. Jan. 15, 2021) ................................................................................................. 13

15

*Sali v. Corona Reg'l Med. Ctr.*,

    909 F.3d 996 (9th Cir. 2018), *cert. dismissed*, 139 S. Ct. 1651 (2019) ................. 20

16

*Sanders v. Apple Inc.*,

17

    672 F. Supp. 2d 978 (N.D. Cal. 2009) .............................................................. 6, 20

18

*Sandoe v. Bos. Sci. Corp.*,

    333 F.R.D. 4 (D. Mass. 2019) .............................................................................. 18

19

*Sandoval v. Ali*,

    34 F. Supp. 3d 1031 (N.D. Cal. 2014) ............................................................ 19, 20

20

*Schaulis v. CTB/McGraw-Hill, Inc.*,

21

    496 F. Supp. 666 (N.D. Cal. 1980) ...................................................................... 20

22

*Schlesinger v. Reservists Comm. to Stop the War*,

    418 U.S. 208 (1974) ............................................................................................. 20

23

*Schwarzenegger v. Fred Martin Motor Co.*,

24

    374 F.3d 797 (9th Cir. 2004) ....................................................................... 4, 5, 10

25

*Scruggs v. CHW Grp., Inc.*,

    2020 WL 9348208 (E.D. Va. Nov. 12, 2020) ...................................................... 13

26

*Sepehry-Fard v. MB Fin. Servs.*,

    2014 WL 2191994 (N.D. Cal. May 23, 2014) ................................................ 16, 18

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- v -

CASE NO. 3:21-CV-03865-JSC
DEFENDANT'S MOTION TO DISMISS AND/OR
STRIKE PLAINTIFF'S COMPLAINT

1

**TABLE OF AUTHORITIES**
(continued)

2

**Page**

3

*Shelton v. Target Advance LLC,*
4
    2019 WL 1641353 (E.D. Pa. Apr. 16, 2019) ............................................................. 18

5
*Sidney-Vinstein v. A.H. Robins Co.,*
    697 F.2d 880 (9th Cir. 1983)........................................................................................ 7

6
*Simmons First Nat'l Bank v. Lehman,*
7
    2015 WL 1737879 (N.D. Cal. Apr. 10, 2015) ..................................... 1, 12, 17, 21

8
*Spokeo, Inc. v. Robins,*
    136 S.Ct. 1540 (2016) ................................................................................................. 4

9
*Sprewell v. Golden State Warriors,*
    266 F.3d 979 (9th Cir. 2001)....................................................................................... 6
10
*Stokes v. CitiMortgage, Inc.,*
11
    2015 WL 709201 (C.D. Cal Jan. 16, 2015) ............................................................... 7

12
*SVC-Napa, L.P. v. Strategy Resort Fin., Inc.,*
    2006 WL 2374718 (N.D. Cal. Aug. 16, 2006)........................................................... 5

13
*Thomas v. Taco Bell Corp.,*
    582 F.App'x. 678 (9th Cir. 2014) ............................................................................. 12
14
*Torres v. Mercer Canyons Inc.,*
15
    835 F.3d 1125 (9th Cir. 2016)................................................................................... 19

16
*Trumper v. GE Capital Retail Bank,*
    2014 WL 7652994 (D.N.J. July 7, 2014)................................................................. 18

17
*Vargas v. Facebook, Inc.,*
    2021 WL 214206 (N.D. Cal. Jan. 21, 2021) .............................................................. 4
18
*Verde Media Corp. v. Levi,*
19
    2014 WL 3372081 (N.D. Cal. July 9, 2014) ........................................................... 15

20
*Walden v. Fiore,*
    571 U.S. 277 (2014)................................................................................................ 9, 11

21
*Walling v. AGA Med. Holdings, Inc.,*
22
    2011 WL 4506519 (N.D. Cal. Sept. 28, 2011) ....................................................... 15

23
*Whittlestone, Inc. v. Handi–Craft Co.,*
    618 F.3d 970 (9th Cir. 2010)....................................................................................... 7

24
*Wilson v. Hewlett-Packard Co.,*
    668 F.3d 1136 (9th Cir. 2012)..................................................................................... 6
25
*Winters v. Quicken Loans Inc.,*
26
    2020 WL 5292002 (D. Ariz. Sept. 4, 2020).............................................................. 18

27
*Yagman v. Allianz Ins.,*
    2015 WL 5553460 (C.D. Cal. May 11, 2015) ........................................................... 7
28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- vi -

CASE NO. 3:21-CV-03865-JSC
DEFENDANT'S MOTION TO DISMISS AND/OR
STRIKE PLAINTIFF'S COMPLAINT

**TABLE OF AUTHORITIES**
(continued)

**Page**

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*,
  433 F.3d 1199 (9th Cir. 2006) ................................................................................. 10

**STATUTES**

47 U.S.C. § 227 (TCPA) .................................................................................... passim

47 U.S.C. § 227(b) ............................................................................................. passim

47 U.S.C. § 227(b)(1) ................................................................................................ 16

47 U.S.C. § 227(b)(1)(A) ............................................................................... 17, 18, 19

47 U.S.C. § 227(b)(1)(A)(iii) .................................................................................... 16

47 U.S.C. § 227(b)(1)(B) ......................................................................... 16, 17, 18, 19

47 U.S.C. § 227(b)(1)(D) ........................................................................................... 19

Cal. Civ. Proc. Code § 416.10 ......................................................................... 1, 5, 15

**RULES**

Fed. R. Civ. P. 4 ............................................................................................... 5, 15

Fed. R. Civ. P. 4(e)(1) ................................................................................................ 5

Fed. R. Civ. P. 4(h) .......................................................................................... 1, 5, 15

Fed. R. Civ. P. 12(b)(1) ................................................................................ 1, 4, 7, 8

Fed. R. Civ. P. 12(b)(2) .............................................................................. 1, 4, 5, 14

Fed. R. Civ. P. 12(b)(5) ................................................................................ 1, 5, 15

Fed. R. Civ. P. 12(b)(6) .................................................................................... passim

Fed. R. Civ. P. 12(f) ...................................................................................... 2, 6, 7, 19

Fed. R. Civ. P. 23 ................................................................................................. 2, 6

Fed. R. Civ. P. 23(a) ................................................................................................. 20

**OTHER AUTHORITIES**

47 C.F.R. § 64.1200(a)(1) ......................................................................................... 16

47 C.F.R. § 64.1200(a)(2) .................................................................................. 16, 19

Restatement (Third) of Agency ......................................................................... 11, 14

U.S. Const. art. III ....................................................................................... 1, 4, 7, 8

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

CASE NO. 3:21-CV-03865-JSC
DEFENDANT'S MOTION TO DISMISS AND/OR
STRIKE PLAINTIFF'S COMPLAINT

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE THAT on September 2, 2021 at 9:00 a.m.**, or as soon thereafter as counsel may be heard before the Honorable Jacqueline Scott Corley, in Courtroom E—15th Floor, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Vollara, LLC ("Vollara") will and hereby does move to dismiss the Complaint (Dkt. 1, "Compl.") filed by Plaintiff Jonathan Threde ("Plaintiff") in this matter, in its entirety and with prejudice, pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(5) and/or12(b)(6) and/or to strike Plaintiff's class definition and related class allegations pursuant to Fed. R. Civ. P. 12(f) and 23.

Through this Motion, Vollara seeks an order dismissing the Complaint under Rule 12(b)(1) for lack of federal subject matter jurisdiction due to Plaintiff's failure to meet the requirements for Article III standing because Plaintiff has failed to establish the elements of (i) causation (i.e., traceability) between any alleged injury and Vollara's conduct or (ii) that Vollara can redress any injury allegedly caused to him by other parties. Vollara also seeks dismissal for the additional reason that the Court lacks personal jurisdiction over it pursuant to Rule 12(b)(2) and Rule 12(b)(5).

Additionally, or alternatively, this Motion seeks an order dismissing Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim because Plaintiff has failed to plead facts supporting a plausible claim against Vollara under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*

Finally, should the Court decide not to dismiss the Complaint in whole or in part, Vollara moves to strike Plaintiff's facially uncertifiable class definition and related class allegations from the Complaint pursuant to Fed. R. Civ. P. 12(f) and/or 23.

This Motion is based on this Notice of Motion and Motion, the incorporated Memorandum of Points and Authorities below, all exhibits and papers submitted herewith, all papers on file in this matter, all matters subject to judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to ruling on the Motion.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 1 -

CASE NO. 3:21-CV-03865-JSC
DEFENDANT'S MOTION TO DISMISS AND/OR
STRIKE PLAINTIFF'S COMPLAINT

1   Dated: July 23, 2021                    MANATT, PHELPS & PHILLIPS, LLP

2

3                                           By: /s/ Alexandra N. Krasovec
                                                John W. McGuinness
4                                               Alexandra N. Krasovec
                                                Attorneys for Defendant
5                                               VOLLARA, LLC

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

CASE NO. 3:21-CV-03865-JSC
DEFENDANT'S MOTION TO DISMISS AND/OR
STRIKE PLAINTIFF'S COMPLAINT

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.   INTRODUCTION

3      Plaintiff seeks to hold Vollara liable under the TCPA based upon his alleged receipt of two

4   calls from an individual by the name of Bob Sagar ("Sagar").  Yet Plaintiff's allegations fail to support

5   a plausible inference that Vollara is vicariously liable for the calls Plaintiff allegedly received.

6   Indeed, Plaintiff's allegations demonstrate that Vollara's sole connection to this case stems from an

7   email that Sagar sent Plaintiff *after* the alleged calls which included hyperlinks regarding "scientific

8   proof" of how Vollara's products work.  The Complaint offers no other facts or allegations linking

9   Vollara to the calls or even suggesting that Sagar attempted to sell Vollara's products or identified

10   himself as an employee of or affiliated with Vollara during the alleged calls.  As demonstrated

11   below, Plaintiff's Complaint should be dismissed in its entirety and with prejudice for at least the

12   following reasons:

13      **First**, the Court lacks subject matter jurisdiction and must dismiss the Complaint under Fed.

14   R. Civ. P. 12(b)(1) because Plaintiff has not met the requisite elements for Article III standing—

15   specifically, causation and redressability.  In this regard, Plaintiff fails to allege sufficient facts tracing

16   any purported "injury" to Vollara's conduct or explaining how any relief from Vollara will redress

17   alleged injuries caused to him by other parties.

18      **Second**, the Court lacks personal jurisdiction and must dismiss the Complaint under Fed. R.

19   Civ. P. 12(b)(2) because Vollara is a Delaware limited liability company with its principal place of

20   business in Texas.  Vollara did not purposefully direct any suit-related activities toward California,

21   and Plaintiff fails to sufficiently allege that Vollara had an agency relationship with or control over

22   the party who purportedly placed the calls at issue, as is required to exercise specific jurisdiction on

23   the basis of vicarious liability.

24      **Third**, the Summons and Complaint were improperly served; thus, dismissal under Fed. R.

25   Civ. P. 12(b)(5) is likewise appropriate.  Plaintiff served an individual who is not authorized by

26   appointment or by law to accept service on behalf of Vollara, as required by Fed. R. Civ. P. 4(h) or

27   Cal. Civ. Proc. Code. § 416.10.  Such service is ineffective.

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 1 -

CASE NO. 3:21-CV-03865-JSC
DEFENDANT'S MOTION TO DISMISS AND/OR
STRIKE PLAINTIFF'S COMPLAINT

1
2
3
4

**Fourth**, the Court should dismiss the Complaint for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6), because Plaintiff fails to sufficiently allege that Vollara had an agency relationship with or control over any parties who purportedly placed the calls at issue, as required to plead vicarious TCPA liability.

5
6
7
8
9

**Fifth**, the Court should also dismiss the Complaint for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6), because the Complaint is devoid of any facts supporting Plaintiff's allegations that the calls he purportedly received involved an artificial or pre-recorded voice under Section 227(b) of the TCPA.  Instead, Plaintiff merely employs conclusory allegations without supporting facts, which are insufficient to survive dismissal under Rule 12(b)(6).

10
11
12
13

**Finally**, while the Complaint should be dismissed for the various reasons set forth above, Plaintiff's class allegations are so facially inadequate that certification cannot be granted as pled. Thus, if the Court does not dismiss the Complaint in its entirety and with prejudice, it should strike those improper allegations under Rules 12(f) and 23.

14

## II.   RELEVANT FACTS

15

### A.   Jurisdictional Facts

16
17
18
19
20
21
22
23
24
25
26
27

Vollara is a Delaware limited liability company with its principal place of business in Texas. Declaration of Troy A. Sanford ("Sanford Decl."), ¶ 4.  Vollara does not have offices in California and all of its business operations are directed from Texas.  *Id*., ¶ 5.  Vollara sells its products through a network of distributors.  *Id*., ¶ 6.  Vollara's distributors are independent contractors who establish their own goals and methods of sale.  *Id.*, ¶ 7.  Vollara does not instruct distributors regarding or control the geographic locations where distributors choose to sell its products.  *Id*.  Vollara does not authorize distributors to make outbound telemarketing calls in the operation of their business.  *Id.*, ¶ 8.  Vollara does not authorize or instruct its distributors to make telemarketing calls on its behalf or provide qualifications for potential clients.  *Id.*, ¶ 9.  All distributors must comply with applicable federal and state law in the operation of their business.  *Id.*, ¶ 10.  Distributors are further prohibited from holding themselves out as "Vollara," and are prohibited from doing such things as answering a telephone saying "Vollara" or otherwise leading the caller to believe that they have

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

CASE NO. 3:21-CV-03865-JSC
DEFENDANT'S MOTION TO DISMISS AND/OR
STRIKE PLAINTIFF'S COMPLAINT

1    reached Vollara's corporate offices. *Id.*, ¶ 11.

2         Plaintiff's TCPA claim is based on his alleged receipt of two calls placed by defendant

3    Sagar.  Compl. ¶¶ 30-31.  Plaintiff alleges that Vollara is vicariously liable for such calls.  *Id.* ¶¶

4    51-59.  However, while Plaintiff alleges that non-resident Sagar "purposefully directed his activities

5    into California **by calling Plaintiff**," as to Vollara, he alleges only that Vollara "distributes its goods

6    and services directly into California" and "makes the solicitations for those goods and services

7    through third parties" into California.  *Id.* ¶¶ 11-12 (emphasis added).

8         **B.      Plaintiff's Individual Allegations**

9         Plaintiff alleges that he received two calls from Sagar on a phone number that begins "(925)

10   939".  Compl. ¶¶ 30-31.  While Plaintiff does not allege that he answered either call, he alleges that

11   "[t]he pre-recorded calls offered air purifier services" and "instructed the recipient to call (516)

12   454-1250."  *Id.* ¶¶ 36-37.  Plaintiff further alleges that "a call was placed to (516) 454-1250" to

13   "investigate the source" of the alleged calls.  *Id.* ¶ 38.  Plaintiff claims Sagar returned the call and

14   subsequently sent an email "promot[ing] Vollara services" that included hyperlinks providing

15   "Scientific Proof" that Vollara's air purifying system worked.  *Id.* ¶¶ 39-41.

16        Plaintiff concludes that Vollara is vicariously liable for Sagar's actions because "Vollara

17   could have restricted Mr. Sagar from using automated telemarketing" but did not.  *Id.* ¶ 52.  Plaintiff

18   further alleges that Vollara "exercised interim control" over Sagar by: (a) "[a]cquiescing to his

19   business model choice of using pre-recorded messages"; (b) "instructing him on the geographic

20   regions they can make calls into"; and (c) "providing qualifications for potential clients."  *Id.* ¶ 53.

21   Plaintiff speculates that Vollara provided Sagar access to its systems because Sagar purportedly

22   emailed Plaintiff and included a hyperlink for the website "Vollara.com/CleanAirIsLife" in his

23   signature line.  *Id.* ¶ 55.  According to Plaintiff, the website states: "WELCOME FROM: BOB

24   SAGAR" and directs questions regarding the products offered to Sagar.  *Id.* ¶¶ 57-58.  Plaintiff

25   claims the website is otherwise "identical to a visit to the Vollara website."  *Id.* ¶ 59.

26        **C.      Plaintiff's Class Allegations**

27        Plaintiff seeks to represent the following class:

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -

CASE NO. 3:21-CV-03865-JSC
DEFENDANT'S MOTION TO DISMISS AND/OR
STRIKE PLAINTIFF'S COMPLAINT

1

2

3

> All persons in the United States to whom: (a) one or more calls were made; (b) to a cellular telephone number; (c) intended to promote Defendant's goods or services; (d) using an artificial or prerecorded voice; (e) between the date four years before the filing of the original complaint in this case and the first date of trial.

4   Compl. ¶ 61.

5

6   **III.   APPLICABLE LEGAL STANDARDS**

7       **A.   Fed. R. Civ. P. Rule 12(b)(1): Lack of Subject Matter Jurisdiction (Standing)**

8

9   Fed. R. Civ. P. 12(b)(1) provides that a complaint is properly dismissed where there is a lack

10  of subject matter jurisdiction.  In this regard, Article III of the U.S. Constitution confers on the federal

11  judiciary the power to adjudicate certain cases and controversies.  To establish Article III standing,

12  (i) a plaintiff must have suffered a concrete and particularized "injury in fact"; (ii) there must be a

13  causal connection between the injury and the conduct complained of (*i.e.*, "causation" or

14  "traceability"); and (iii) the injury must be capable of being redressed by a favorable decision (*i.e.*,

15  "redressability").  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *see also Spokeo, Inc.*

16  *v. Robins*, 136 S.Ct. 1540, 1547 (2016) (party invoking federal subject matter jurisdiction has the

17  burden of establishing standing); *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S.

18  118, 125 (2014) (holding that the "causation" element requires that the "injury in fact" be "fairly

19  traceable" to the defendant's conduct).  "As with a Rule 12(b)(6) motion, however, a court is not

20  required 'to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or

21  unreasonable inferences.'"  *See Vargas v. Facebook, Inc.*, 2021 WL 214206, at *2 (N.D. Cal. Jan. 21,

22  2021) (citations omitted); s*ee also Hicks v. Alarm.com*, 2020 WL 9261758, at *5 (E.D. Va. Aug. 6,

23  2020) (dismissing putative TCPA class action under Rules 12(b)(1) and 12(b)(6), holding that

24  "[b]ased on the deficiencies identified under Rule 12(b)(6), Plaintiff also fails to properly plead

25  causation and redressability" under Article III).

26      **B.   Fed. R. Civ. P. 12(b)(2): Lack of Personal Jurisdiction**

27  Under Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden of demonstrating that

28  jurisdiction is appropriate.  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir.

2004).  While uncontroverted allegations in the complaint must be taken as true, "bare allegations"

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

CASE NO. 3:21-CV-03865-JSC
DEFENDANT'S MOTION TO DISMISS AND/OR
STRIKE PLAINTIFF'S COMPLAINT

1   and "nonspecific conclusory statements" are not sufficient. *Id.; Butcher's Union Local No. 498,*

2   *United Food & Commercial Workers v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986); *see also*

3   *Osborne v. Nat'l Truck Funding, LLC*, 2013 WL 3892946, *3 (E.D. Cal. July 26, 2013)

4   ("Jurisdictional facts cannot. . . be established by nonspecific, conclusory statements.").  "For a

5   court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at

6   least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not

7   offend traditional notions of fair play and substantial justice.'"  *Schwarzenegger*, 374 F.3d at 801

8   (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  In deciding a Rule

9   12(b)(2) motion to dismiss, the Court may consider evidence presented in declarations.  *Reynolds*

10  *v. Binance Holdings Ltd.*, 481 F. Supp. 3d 997, 1006 n.4 (N.D. Cal. 2020).

11  ### C.   Fed. R. Civ. P. 12(b)(5): Improper Service of Process

12  Under Fed. R. Civ. P. 12(b)(5), the plaintiff bears the burden of establishing the validity of

13  service.  *SVC-Napa, L.P. v. Strategy Resort Fin., Inc.*, 2006 WL 2374718, at *1 (N.D. Cal. Aug.

14  16, 2006).  Rule 4 permits service on a corporation pursuant to (1) the law of the state where the

15  district court is located or where service is made; or (2) "by delivering a copy of the summons and

16  of the complaint to an officer, a managing or general agent, or any other agent authorized by

17  appointment or by the law to receive service of process."  Fed. R. Civ. P. 4(e)(1), (h).  If the plaintiff

18  fails to satisfy his burden, the court has broad discretion to dismiss the Complaint.  *SVC-Napa, L.P.*,

19  2006 WL 2374718, at *1.

20  California Code of Civil Procedure Section 416.10 permits service on a corporation by

21  delivering a copy of the summons and complaint (a) to the person designated as agent for service

22  of process or (b) to the president, chief executive officer, or other head of the corporation, a vice

23  president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief

24  financial officer, a general manager, or a person authorized by the corporation to receive service of

25  process.  Cal. Civ. Proc. Code. § 416.10.

26  ### D.   Fed. R. Civ. P. 12(b)(6): Failure to State a Claim For Relief

27  Rule 12(b)(6) provides for dismissal where a plaintiff fails to sufficiently state a claim for

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

CASE NO. 3:21-CV-03865-JSC
DEFENDANT'S MOTION TO DISMISS AND/OR
STRIKE PLAINTIFF'S COMPLAINT

1  relief.  In this regard, it is axiomatic that a legal claim brought in federal court mandates the pleading

2  of sufficient facts.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007).  A "bare assertion" and

3  "conclusory allegation[s]" will not suffice.  *Id.*  Thus, naked allegations without such factual

4  enhancements "stop[] short of the line between possibility and plausibility of entitlement to relief."

5  *Id.* (internal quotations omitted).  A "formulaic recitation of the elements" of a claim also fails to

6  meet the requisite pleading standard.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also id.*

7  (pleadings must contain "more than an unadorned, the-defendant-unlawfully-harmed-me

8  accusation").

9  Moreover, while the Court must generally accept Plaintiff's factual allegations as true,

10 conclusory allegations, unwarranted or unreasonable inferences, and legal conclusions do not suffice

11 and will not prevent dismissal.  *See Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1145 n.4 (9th

12 Cir. 2012) stating that the court need not "accept as true allegations that are merely conclusory,

13 unwarranted deductions of fact, or unreasonable inferences.") (quoting *Sprewell v. Golden State*

14 *Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)); *Greene v. Wells Fargo Bank, N.A.*, 2019 WL 3220267,

15 at *3 (N.D. Cal. July 17, 2019) ("[T]he court need not accept legal conclusions, including

16 'threadbare recitals of the elements of a cause of action, supported by mere conclusory

17 statements.'") (quoting *Twombly*, 550 U.S. at 555) (**Corley, J.**)).

18   **E.   Fed. R. Civ. P. 12(f) and 23: Striking Class Allegations**

19 A court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous

20 matter."  Fed. R. Civ. P. 12(f).  It is well settled in the Ninth Circuit that class allegations may be

21 properly stricken at the pleadings stage prior to discovery pursuant to Rule 12(f) where, as here,

22 "the allegations make it obvious that classwide relief is not available" under Rule 23.  *American*

23 *Western Door & Trim v. Arch Specialty Ins. Co.*, 2015 WL 1266787, at *8 (C.D. Cal. Mar. 18,

24 2015); *see also Langan v. United Svcs. Auto. Assoc.*, 69 F. Supp. 3d 965, 988-89 (N.D. Cal. 2014)

25 (striking class allegations where "discovery on the class claims would not shed any additional light"

26 on whether plaintiff would satisfy Rule 23); *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990-91

27 (N.D. Cal. 2009) (striking class allegations as "impertinent" under Rule 12(f) for not satisfying

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -

CASE NO. 3:21-CV-03865-JSC
DEFENDANT'S MOTION TO DISMISS AND/OR
STRIKE PLAINTIFF'S COMPLAINT

Rule 23); *Pepka v. Kohl's Dep't Stores, Inc.*, 2016 WL 8919460, at *1-5 (C.D. Cal. Dec. 21, 2016) (striking class allegations in a TCPA case which "necessarily involve[d] individualized inquiries" and for being "an impermissible fail-safe class"); *Stokes v. CitiMortgage, Inc.*, 2015 WL 709201, at *4-6 (C.D. Cal Jan. 16, 2015) (striking with prejudice class allegations that "require[d] individualized inquiries into each putative class member").

Moreover, Rule 12(f) motions serve to "to avoid the expenditure of time and money that must arise from litigating spurious issues." *Flores v. City of Cal. City*, 2019 WL 1934016, at *3 (E.D. Cal. May 1, 2019) (quoting *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)).  Thus, courts have recognized that permitting a facially uncertifiable class to proceed to discovery would place an undue burden and expense upon the parties and the Court.  *See, e.g., Yagman v. Allianz Ins.*, 2015 WL 5553460, at *4 (C.D. Cal. May 11, 2015) (striking class allegations where allowing untenable class claims to proceed past the pleadings stage "would inject significant uncertainty as to the scope of discovery and other pre-trial proceedings") (citing *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)).

## IV.  ARGUMENT

### A.  The Complaint Must Be Dismissed Under Rule 12(b)(1) Because Plaintiff Lacks Constitutional Standing.

A Court must dismiss a Complaint where it lacks federal subject matter jurisdiction. *Associated Gen. Contractors of Am., San Diego Chapter, Inc. v. California Dep't of Transp.*, 713 F.3d 1187, 1195 (9th Cir. 2013).  Article III requires that a Plaintiff must establish, among other things, causation and redressability. *Lujan*, 504 U.S. at 560-61.[1]  To meet the causation element, the "injury in fact" must be "fairly traceable" to the <u>defendant's</u> conduct. *Lexmark*, 572 U.S. at 125; *see also Musgrave v. Taylor Farms Pac., Inc.*, 2018 WL 11033583, at *4 (N.D. Cal. Oct. 17, 2018) ("Plaintiffs must be able to establish Article III standing as to each defendant, [] for each claim, []

---

[1] Though Vollara primarily addresses the causation and redressability elements in this Motion, it does not concede (and indeed disputes) that Plaintiff suffered an "injury in fact" sufficient for Article III standing purposes, or any injury of any kind at all for that matter, and reserves the right to raise this at a later time. *See In re Exodus Commc'ns, Inc. Sec. Litig.*, 2006 WL 2355071, at *2 (N.D. Cal. Aug. 14, 2006).

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 7 -

CASE NO. 3:21-CV-03865-JSC
DEFENDANT'S MOTION TO DISMISS AND/OR
STRIKE PLAINTIFF'S COMPLAINT

1   and for each form of relief.") (citing *Hartmann v. Cal. Dep't of Corr. and Rehab.*, 707 F.3d 1114,

2   1129 (9th Cir. 2013); *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006); *Davidson v.*

3   *Kimberly Clark*, 889 F.3d 956, 967 (9th Cir. 2018)) (internal citations omitted).

4         Here, Plaintiff fails to plead sufficient facts showing, *inter alia*: (i) any conduct directly or

5   indirectly attributable to Vollara; (ii) any basis for concluding that the party who initiated the alleged

6   calls is an agent of Vollara; (iii) that there is any relationship between Vollara and any third party

7   who placed the calls to Plaintiff; or (iv) what control, if any, Vollara had over the party who initiated

8   the calls at issue. *See* discussion at Section IV.B.2, *infra*.  Because Plaintiff fails to allege facts by

9   which one could trace his purported injury to Vollara, he lacks Article III standing.  Therefore, this

10  Court lacks federal subject matter jurisdiction and Plaintiff's Complaint must be dismissed under

11  Rule 12(b)(1).  *See, e.g., Freidman v. Massage Envy Franchising, LCC*, 2013 WL 3026641, at *4

12  (S.D. Cal. June 13, 2013) (plaintiff lacked standing for TCPA claim where complaint lacked facts

13  from which the court could "infer direct or vicarious liability"); *Hicks*, 2020 WL 9261758, at *5

14  (dismissing TCPA case for lack of Article III standing under Rule 12(b)(1) <u>and</u> under Rule 12(b)(6),

15  holding that "[b]ased on the deficiencies identified under Rule 12(b)(6), Plaintiff also fails to properly

16  plead causation and redressability"); *Barker v. Sunrun Inc.,* 2019 WL 1983291, at *4 (D.N.M. Apr.

17  29, 2019) (same, holding "Plaintiff failed to allege any action or omission by [defendant] that could

18  connect its conduct to the claimed wrongful acts").

19        Plaintiff also has not shown that his claims can be redressed by Vollara.  Redressability means

20  a non-speculative "likel[ihood]" that the injury alleged will be remedied "by a favorable decision."

21  *See Lujan*, 504 U.S. at 560-61.  In addition to statutory damages, Plaintiff apparently seeks injunctive

22  relief.  Compl. ¶ 78.  But because Plaintiff pleads no facts showing any conduct specifically

23  attributable *to* Vollara, his purported injury is not capable of being redressed *by* Vollara.  Indeed,

24  enjoining Vollara cannot prevent Sagar or other unidentified third parties from placing calls to

25  Plaintiff, and imposing statutory or other damages on Vollara will not prevent unlawful conduct of

26  any other party who may have placed unsolicited calls to Plaintiff.  Thus, Plaintiff lacks Article III

27  standing, and the Court must dismiss the Complaint pursuant to Rule 12(b)(1).

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 8 -

CASE NO. 3:21-CV-03865-JSC
DEFENDANT'S MOTION TO DISMISS AND/OR
STRIKE PLAINTIFF'S COMPLAINT

### B.   This Court Lacks Personal Jurisdiction Over Vollara.

Courts recognize two types of personal jurisdiction: general jurisdiction and specific jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). General jurisdiction exists for a corporation in its place of incorporation or principal place of business or where its affiliations with the state "are so 'continuous and systematic' as to render them essentially at home in the forum State." *Id.* (citations omitted). Absent exceptional circumstances, a corporation is typically only subject to general jurisdiction in its place of incorporation or principal place of business. *Id.* at 139 n.19.

Specific jurisdiction is proper only when a suit "aris[es] out of or relate[s] to the defendant's contacts with the forum." *LegalForce RAPC Worldwide P.C. v. GLOTRADE*, 2019 WL 5423463, at *4 (N.D. Cal. Oct. 23, 2019) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)). "Whether a court has specific jurisdiction over a nonresident defendant 'focuses on the relationship among the defendant, the forum, and the litigation,' and 'the defendant's suit-related conduct must create a substantial connection with the forum.'" *Id.* (quoting *Walden v. Fiore*, 571 U.S. 277, 285 (2014)). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *LegalForce*, 2019 WL 5423463, at *4 (quoting *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cty.*, 137 S. Ct. 1773, 1781 (2017)).

For the reasons set forth below, Plaintiff has failed to plead facts sufficient to establish either general or specific jurisdiction over Vollara.

### 1.   This Court Lacks General Jurisdiction Over Vollara.

Plaintiff has failed to plead any facts supporting general jurisdiction over Vollara in California. Vollara is a Delaware limited liability company with its principal place of business in Texas. Sanford Decl., ¶ 4. Further, Vollara lacks sufficient jurisdictional contacts with California to render it essentially "at home" in California. *See* Sanford Decl. ¶¶ 4-7. Although Plaintiff argues that Vollara "distributes its goods and services directly into California," it is well established that "even regularly occurring sales of a product in a State" is not sufficient to justify the exercise of

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 9 -

CASE NO. 3:21-CV-03865-JSC
DEFENDANT'S MOTION TO DISMISS AND/OR
STRIKE PLAINTIFF'S COMPLAINT

jurisdiction over a claim unrelated to those sales. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 931 (2011); *see also Bristol-Myers*, 137 S. Ct. at 1781 (finding no jurisdiction in California despite "extensive activities" in the State where those activities were unconnected to the controversy); *N. Sails Grp., LLC v. Boards & More GmbH*, 2019 WL 7833138, at *5 (E.D. Wash. Nov. 18, 2019), *reconsideration denied*, 2020 WL 529710 (E.D. Wash. Jan. 14, 2020) (finding no general or specific jurisdiction despite defendant's sale of products in Washington where plaintiff's claim was not related to those sales). Plaintiff has not alleged sufficient facts to show that Vollara's contacts with California are "so constant and pervasive as to render it essentially at home" in California. *Daimler*, 571 U.S. at 127. Therefore, the Court has no basis to exercise general jurisdiction over Vollara.

## 2.  This Court Lacks Specific Jurisdiction Over Vollara.

In determining the question of specific jurisdiction, courts apply a three-part test: (1) the nonresident defendant must perform some act purposefully availing itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of that state's laws; (2) the claim must arise out of defendant's forum-related activities; and (3) exercise of jurisdiction must be reasonable. *Schwarzenegger*, 374 F.3d at 802. "The plaintiff bears the burden on the first two prongs… [I]f the plaintiff fails at the first step, the jurisdictional inquiry ends and the case must be dismissed." *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008).

Under the first prong, the "non-resident defendant must purposefully direct his activities" at the forum state. *Michael v. New Century Fin. Servs.*, 65 F. Supp. 3d 797, 806–07 (N.D. Cal. 2014) (citing *Schwarzenegger*, 374 F.3d at 802). The court considers whether the defendant (1) committed an intentional act; (2) expressly aimed at the forum state; (3) causing harm that the defendant knows is likely to be suffered in the forum state. *Id.* (citing *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)).

While Plaintiff alleges that Vollara "distributes its goods and services directly into California" and "makes the solicitations for those goods and services through third parties, and such solicitations are made into California," Plaintiff fails to allege any plausible facts to support this

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 10 -

CASE NO. 3:21-CV-03865-JSC
DEFENDANT'S MOTION TO DISMISS AND/OR
STRIKE PLAINTIFF'S COMPLAINT

1    conclusion.  Indeed, Plaintiff does not allege any intentional act by Vollara expressly aimed at

2    California or any plausible connection between Vollara and the calls Plaintiff allegedly received.

3            Rather, Plaintiff seeks to hold Vollara vicariously liable for calls purportedly placed by

4    Sagar.  However, it is well established that the "minimum contacts" necessary to establish specific

5    jurisdiction "must arise out of contacts that the 'defendant himself' creates with the forum State."

6    *Walden*, 571 U.S. at 284.  Accordingly, to demonstrate that the Court has personal jurisdiction over

7    Vollara, Plaintiff must establish that Sagar was acting as Vollara's agent when he allegedly placed

8    the calls at issue.  *Naiman v. TranzVia LLC*, 2017 WL 5992123, at *10 (N.D. Cal. Dec. 4, 2017)

9    (dismissing complaint for lack of personal jurisdiction where plaintiff relied on vicarious liability

10   to establish personal jurisdiction but failed to show an agency relationship between defendant and

11   third party who placed the alleged calls).  Plaintiff has failed to plausibly allege vicarious liability

12   here.  *See* Section IV.D.1, *infra*.

13           Indeed, vicarious liability cannot be casually pled.  Rather, courts uniformly require plaintiffs

14   to meet a certain pleading threshold.  In this regard, federal courts apply common law agency

15   principles to determine vicarious TCPA liability.  *See, e.g.*, *Jones v. Royal Admin. Servs., Inc.*, 887

16   F.3d 443, 450 (9th Cir. 2018) (citing, *inter alia,* Restatement (Third) of Agency ("Restatement")).

17   Agency requires a special, consensual relationship between an alleged principal and agent.  *See*

18   Restatement, § 1.01, cmt. c ("[A]gency posits a consensual relationship in which one person, to one

19   degree or another or respect or another, acts as a representative of or otherwise acts on behalf of

20   another person with power to affect the legal rights and duties of the other person.").  Specifically,

21   "[a]gency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to

22   another person (an 'agent') that the agent shall act on the principal's behalf and subject to the

23   principal's control, and the agent manifests assent or otherwise consents so to act." *TranzVia LLC*,

24   2017 WL 5992123, at *6 (quoting *Jones v. Royal Admin. Servs., Inc.*, 866 F.3d 1100, 1105 (9th Cir.

25   2017)).  This requires "more than mere passive permission; it involves request, instruction, or

26   command." *Linlor v. Five9, Inc.*, 2017 WL 5885671, at *3 (S.D. Cal. Nov. 29, 2017).

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 11 -

CASE NO. 3:21-CV-03865-JSC
DEFENDANT'S MOTION TO DISMISS AND/OR
STRIKE PLAINTIFF'S COMPLAINT

Apparent authority likewise does not arise passively and "can only 'be established by proof of something said or done *by the [alleged principal]*, on which [Plaintiff] reasonably relied' to the plaintiff's detriment." *Id.* (quoting *Thomas v. Taco Bell Corp.*, 582 F.App'x. 678, 679 (9th Cir. 2014)) (emphases added).  Similarly, ratification requires "***knowingly*** accepting the benefits of [a third party's] acts." *TranzVia LLC*, 2017 WL 5992123, at *7 (emphasis added).  "[A] principal is not bound by a ratification made 'without knowledge of material facts about the agent's act.'" *Id.* (citation omitted).  And "[t]hough 'the precise details of the agency relationship need not be pleaded to survive a motion to dismiss, sufficient facts must be offered to support a reasonable inference that an agency relationship existed.'" *Meeks v. Buffalo Wild Wings, Inc.*, 2018 WL 1524067, at *5 (N.D. Cal. Mar. 28, 2018); *see also Bank v. Vivint Solar, Inc*., 2019 WL 2280731, at *3 (E.D.N.Y. Feb. 25, 2019), *report and rec. adopted*, 2019 WL 1306064 (Mar. 22, 2019) ("The existence of some connections between the defendant and the maker of the call will not suffice" for vicarious TCPA liability purposes).

Here, Plaintiff fails to allege sufficient facts supporting an inference that Sagar was acting as Vollara's agent, whether under an actual authority, apparent authority, or ratification theory. Plaintiff's vicarious liability theory fails for at least four reasons:

**First**, Plaintiff alleges no facts that would support a finding of liability against Vollara for calls purportedly placed by Sagar.  Plaintiff merely alleges that the calls at issue concerned "air purifier services." Compl., ¶ 36.  Plaintiff does not allege that Sagar ever identified himself as an employee of or as being affiliated with Vollara, or even that Sagar attempted to sell Vollara's products during these alleged calls. *See* Compl. ¶¶ 36-37, 39.  The only alleged connection between the calls and Vollara is that, *after* Plaintiff received the alleged calls, and *after* Plaintiff (or some third-party) called the (516) 454-1250 number that Plaintiff alleges was included in the message(s) from the calls at issue, and *after* Sagar allegedly called back in response to Plaintiff (or the third-party's) inbound call, Sagar purportedly sent Plaintiff *an email* that "promoted Vollara services" by including hyperlinks discussing how Vollara's air purifying system works. *Id*. ¶¶ 39-41.  These facts are insufficient to show that the calls at issue promoted Vollara's services, let alone that the

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 12 -

CASE NO. 3:21-CV-03865-JSC
DEFENDANT'S MOTION TO DISMISS AND/OR
STRIKE PLAINTIFF'S COMPLAINT

1  calls were placed by Sagar on Vollara's behalf.  *See Scruggs v. CHW Grp., Inc.*, 2020 WL 9348208,

2  at *10 (E.D. Va. Nov. 12, 2020) (conclusory allegations that the caller was "associated with"

3  defendant was insufficient for vicarious liability).

4      **Second**, Plaintiff merely employs various legal buzzwords – without supporting factual

5  details –  to suggest that Vollara "[a]cquiesc[ed]" to Sagar's business model, "instruct[ed]" him on

6  the geographic regions he could make calls into, and provided qualifications for potential clients.

7  Compl. ¶ 53.  Such conclusory allegations are insufficient to establish actual authority.  *TranzVia*

8  *LLC*, 2017 WL 5992123, at *11 (finding identical allegations alleged by a plaintiff represented by

9  Plaintiff's own counsel were inadequate, and stating, "[T]he conclusions that '[defendant] limited

10  the types of business [the third party] could solicit,' 'restricted the geography within which [the

11  third party] could promote [defendant],' "decided whether ... it would accept a customer from [the

12  third party]…without any facts showing how [defendant] did those things" are not sufficient to

13  show vicarious liability"); *Naiman v. Freedom Forever, LLC*, 2019 WL 1790471, at *4 (N.D. Cal.

14  Apr. 24, 2019) (rejecting unsupported "agency" allegations as "wholly conclusory") (**Corley, J.**).

15  Vollara did not authorize or direct Sagar to make the calls at issue, much less provide instructions

16  regarding the geographic regions in which he could make calls or provide qualifications for

17  potential clients.  Sanford Decl., ¶¶ 7-9.  Accordingly, Plaintiff has failed to show an actual agency

18  relationship between Vollara and Sagar.

19      **Third**, Plaintiff fails to allege that ***Vollara*** did or said anything ***to him*** or that he relied on

20  such actions or statements of Vollara to his detriment, as is required to plead apparent authority.

21  *TranzVia LLC*, 2017 WL 5992123, at *12.  The only "facts" Plaintiff alleges to support this

22  conclusion suggest that Sagar included a hyperlink to a website in his email which directed Plaintiff

23  to a website similar to, but not identical to, Vollara's website and that "direct[ed] any questions

24  regarding the products offered to ***Mr. Sagar***."  Compl. ¶¶ 54-59 (emphasis added).  Courts in this

25  District have rejected similar arguments as implausible and insufficient to establish apparent

26  authority.  *See Rogers v. Postmates Inc.*, 2020 WL 3869191, at *6–7 (N.D. Cal. July 9, 2020),

27  *appeal dismissed*, 2021 WL 455321 (9th Cir. Jan. 15, 2021) (rejecting argument that the fact that a

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 13 -

CASE NO. 3:21-CV-03865-JSC
DEFENDANT'S MOTION TO DISMISS AND/OR
STRIKE PLAINTIFF'S COMPLAINT

1   text message contained a URL linking to defendant's website is proof that the sender had access to

2   defendant's information and systems).  Accordingly, Plaintiff has failed to show apparent authority

3   between Vollara and Sagar.

4         **Fourth**, to the extent Plaintiff seeks to assert ratification, Plaintiff fails to plead sufficient

5   facts to suggest that Vollara knew of Sagar's actions and knowingly accepted the benefits, as

6   required to show ratification.  *TranzVia LLC*, 2017 WL 5992123, at *13.  Further, for the reasons

7   set forth above, Plaintiff has failed to show a principal-agent relationship between Vollara and

8   Sagar, which is a prerequisite to ratification.  *Id*.  Accordingly, Plaintiff has failed to show Vollara

9   ratified Sagar's conduct.

10        Courts routinely dismiss TCPA claims premised on vicarious liability at the pleadings stage

11  for lack of personal jurisdiction where plaintiffs similarly fail to allege sufficient facts establishing an

12  agency relationship with or control over a purported agent.  *See*, *e.g.*, *TranzVia LLC*, 2017 WL

13  5992123, at *6-14; *Phan v. Grand Bahama Cruise Line, LLC*, 2016 WL 1427648, at *2 (N.D. Cal.

14  Apr. 12, 2016) (dismissing TCPA claim under Rule 12(b)(2) and 12(b)(6) where plaintiff "failed to

15  adequately plead any of the three forms of agency necessary to support a claim of vicarious liability

16  or for exercising jurisdiction on that basis"); *Knapp v. Sage Payment Sols., Inc.*, 2018 WL 659016,

17  at *7 (N.D. Cal. Feb. 1, 2018) (dismissing TCPA claim pursuant to Rule 12(b)(2) for lack of personal

18  jurisdiction where plaintiff failed to plausibly allege an agency relationship between defendant and

19  third party who allegedly made the calls at issue); *Abitbol v. Homelink, LLC*, 2020 WL 5102149, at

20  *3 (C.D. Cal. July 28, 2020) (dismissing TCPA claim pursuant to Rule 12(b)(2) and 12(b)(6) where

21  plaintiff "fail[ed] to provide any factual support for the alleged agency relationship" and the

22  allegations "d[id] little more than track the language provided by the Restatement (Third) of

23  Agency.").[2]

24

25  _____

   [2] *See also Panacci v. A1 Solar Power, Inc.*, 2015 WL 3750112, at *7 (N.D. Cal. June 15, 2015)

26  (dismissing TCPA claim pursuant to Rule 12(b)(6) for insufficient allegations of vicarious liability
where plaintiff's only allegation about defendant's relationship with the calling party was that the

27  calling party referenced defendant on some of the calls); *Freidman v. Massage Envy Franchising
LCC*, 2013 WL 3026641, at *3 (S.D. Cal. June 13, 2013) (dismissing TCPA claim pursuant to Rule

28  12(b)(6) where plaintiff failed to allege facts that would raise his allegations of vicarious liability
"beyond the speculative").

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES
        - 14 -
CASE NO. 3:21-CV-03865-JSC
DEFENDANT'S MOTION TO DISMISS AND/OR
STRIKE PLAINTIFF'S COMPLAINT

Therefore, the claims against Vollara should be dismissed because Plaintiff has failed to sufficiently allege that the Court has personal jurisdiction.

**C.      The Complaint Should Be Dismissed Under Fed. R. Civ. P. 12(b)(5) Because Plaintiff Failed to Serve Vollara as Required Under Fed. R. Civ. P. 4.**

This Court lacks jurisdiction over Vollara for the additional reason that Vollara has not been properly served. *Gonzalez v. DDR Partners, Inc.*, 2009 WL 10695747, at *1 (N.D. Cal. Jan. 14, 2009) ("A federal court lacks personal jurisdiction over a defendant unless the defendant has been properly served."). Plaintiff filed a proof of service with the Court indicating he served Vollara with service of process through Evan Hodge on June 2, 2021 at Vollara's corporate office. *See* Dkt. 10. However, Evan Hodge is not authorized by appointment or by law to receive service on behalf of Vollara as required by Fed. R. Civ. P. 4(h) or Cal. Civ. Proc. Code. § 416.10. Hodge is not the registered agent for service of process, nor the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized to receive service of process for Vollara. *See* Declaration of Evan Hodge ("Hodge Decl."), ¶ 3. Rather, Hodge is a Beyond Service Technician & Office Services employee at Vollara. *Id.* ¶ 2.

At no time did Hodge indicate to the process server that he was authorized to receive service on behalf of Vollara. *Id.* ¶ 4. And even if he had, such statements are inadequate to show that Hodge was actually authorized by Vollara to receive service. *See, e.g.*, *Walling v. AGA Med. Holdings, Inc.*, 2011 WL 4506519, at *3 (N.D. Cal. Sept. 28, 2011) (granting motion to quash despite paralegal's representation that she was authorized to accept service on behalf of defendant because plaintiff presented no evidence that the paralegal was actually authorized to accept service) (citing *Gen. Motors Corp. v. Superior Ct.*, 15 Cal. App. 3d 81, 84 (1971)); *Chapman v. Teamsters Loc. 853*, 2007 WL 3231736, at *3 (N.D. Cal. Oct. 30, 2007) (granting motion to quash and stating "[plaintiff] fail[ed] to offer any proof supporting his assertion that, simply because an employee states he or she is authorized to accept service, such an employee is automatically conferred with the power to do so."); *see also Verde Media Corp. v. Levi*, 2014 WL 3372081, at *3 (N.D. Cal. July 9, 2014) (granting motion to quash where legal assistant was not authorized to accept service of

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

CASE NO. 3:21-CV-03865-JSC
DEFENDANT'S MOTION TO DISMISS AND/OR
STRIKE PLAINTIFF'S COMPLAINT

1  process).  Accordingly this Court should dismiss Plaintiff's Complaint for failure to properly serve

2  Vollara.  *Brahmana v. Lembo*, 2009 WL 1424438, at *4 (N.D. Cal. May 20, 2009) (granting motion

3  to quash and dismissing complaint for improper service on party not authorized to accept service

4  for defendant).

5         **D.**       **Plaintiff Fails To State A TCPA Claim Under Rule 12(b)(6).**

6         Plaintiff seeks to assert a single cause of action for violation of Section 227(b), which

7  prohibits calls to cell phones made "using any [ATDS] or an artificial or prerecorded voice" and

8  calls to residential landlines using an artificial or prerecorded voice.  Compl. ¶¶ 75-78; 47 U.S.C.

9  § 227(b)(1)(A)(iii), (B); 47 C.F.R. § 64.1200(a)(1) & (2).  Notably, Plaintiff does not specify under

10  which of the two TCPA provisions he seeks to recover here.  *See* Compl. ¶¶ 75-78 (asserting a

11  claim for relief pursuant to 47 U.S.C. § 227(b)(1)).  But, in either case, to successfully state a claim

12  under this section, Plaintiff must plausibly allege that (1) the defendant called a cellular telephone

13  number or residential landline number, respectively; (2) using an artificial or prerecorded voice; (3)

14  without the recipient's prior express consent.  *Sepehry-Fard v. MB Fin. Servs.*, 2014 WL 2191994,

15  at *2 (N.D. Cal. May 23, 2014) (citing *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036,

16  1043 (9th Cir. 2012)).  Plaintiff's claim fails for several reasons.

17         **1.**       **Plaintiff Has Not Pled Sufficient Facts to Show Vicarious Liability.**

18         Plaintiff does not allege that Vollara made or "initiated" any of the calls at issue; rather,

19  Plaintiff seeks to hold Vollara vicariously liable for calls purportedly placed by Sagar.  *See*

20  discussion at Section IV.B.2, *supra*; Compl. ¶ 51.  Yet, Plaintiff does not allege any facts

21  demonstrating the "essential ingredient of control" as required to state a vicarious TCPA liability

22  claim.  *See* discussion at Section IV.B.2, *supra*.  Plaintiff does not allege that the phone number

23  from which he received the alleged calls belonged to Vollara or that Sagar otherwise mentioned

24  Vollara or its products on ***any*** of the alleged calls.  Rather, Plaintiff vaguely claims the calls "offered

25  air purifier services" and that, after receiving the alleged calls, "an email was received from Mr.

26  Sagar" that included hyperlinks purportedly providing "scientific proof" that Vollara's air purifying

27  system worked.  Compl. ¶¶ 40-41.  Plaintiff does not allege that Sagar ever attempted to sell him

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 16 -

CASE NO. 3:21-CV-03865-JSC
DEFENDANT'S MOTION TO DISMISS AND/OR
STRIKE PLAINTIFF'S COMPLAINT

1  a Vollara air purifying system, let alone that he did so during any of the alleged outbound calls at
2  issue.

3          Despite failing to connect Vollara to the alleged calls, Plaintiff employs legal buzzwords
4  without any factual detail to suggest Vollara is vicariously liable for Sagar's actions.  *Id*. ¶¶ 51-54
5  Such allegations are insufficient to establish vicarious liability.  *See TranzVia LLC*, 2017 WL
6  5992123, at \*6; *Phan*, 2016 WL 1427648, at \*2; *see also Childress v. Liberty Mut. Ins. Co.*, 2018
7  WL 4684209, at \*3 (D.N.M. Sept. 28, 2018) (a plaintiff "cannot simply allege general control in a
8  vacuum" for vicarious liability); *Reo v. Caribbean Cruise Line, Inc.*, 2016 WL 1109042, at \*5 (N.D.
9  Ohio Mar. 18, 2016) (dismissing where "sparse allegations made [] d[id] not allege any facts that
10 show that [defendant] had any power to give interim instructions or otherwise had any control over
11 the performance of" callers); *see also* discussion at Section IV.B.2, *supra*.  Accordingly, Plaintiff's
12 Complaint should also be dismissed under Federal Rule of Civil Procedure 12(b)(6).

### 2.     Plaintiff Has Not Pled Sufficient Facts to Show the Calls Were Made Using an Artificial or Prerecorded Voice.

15         A critical element of Plaintiff's Section 227(b) claim is that the alleged calls were made
16 using an artificial or prerecorded voice.  47 U.S.C. § 227(b)(1)(A), (B).  To avoid dismissal,
17 Plaintiff must allege facts suggesting the voice he heard was prerecorded by, for example,
18 "describ[ing] the voice on the other line, whether it was a human voice, if the message was
19 impersonal, what the message said, or whether anyone responded when [he] spoke."  *Forney v.
20 Hair Club for Men Ltd., Inc.*, 2017 WL 4685549, at \*2 (C.D. Cal. June 26, 2017); *see also Johansen
21 v. Vivant, Inc.*, 2012 WL 6590551, at \*3 (N.D. Ill. Dec. 18, 2012) (opining that "[i]t is not
22 unreasonable ... to require a plaintiff to describe the phone messages he received in laymen's terms
23 or provide the circumstances surrounding them to establish his belief that the messages were pre-
24 recorded or delivered via the ATDS.").  Plaintiff fails to do so here for at least two reasons:

25         **First**, Plaintiff alleges nothing more than conclusory allegations regarding the use of a pre-
26 recorded message.  *See, e.g.*, Compl. ¶¶ 3, 24, 28, 31, 36, 53, 55, 61, 76.  He also does not describe
27 the content of the alleged calls except to say that they "offered air purifier services."  Compl. ¶ 36.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 17 -

CASE NO. 3:21-CV-03865-JSC
DEFENDANT'S MOTION TO DISMISS AND/OR
STRIKE PLAINTIFF'S COMPLAINT

1   Federal district courts, including in the Ninth Circuit, have routinely dismissed claims, like

2   Plaintiff's here, consisting of similarly bald allegations regarding the calling methods allegedly

3   used that merely regurgitate the elements of a TCPA claim without factual support. *Sepehry-Fard*,

4   2014 WL 2191994, at *2 (dismissing complaint where plaintiff failed to allege facts explaining

5   why he believed that the calls were artificial or prerecorded); *Winters v. Quicken Loans Inc.*, 2020

6   WL 5292002, at *4 (D. Ariz. Sept. 4, 2020) (dismissing where plaintiff failed to allege facts to

7   "support an inference that Plaintiff was speaking with an artificial or prerecorded voice"); *Reo v.

8   Caribbean Cruise Line, Inc.*, 2016 WL 1109042, at *4 (N.D. Ohio Mar. 18, 2016) (dismissing

9   complaint containing "no information regarding … why they believed that an ATDS was used or

10  why they believed that an 'artificial or prerecorded voice'" was used); *Trumper v. GE Capital Retail

11  Bank*, 2014 WL 7652994, at *2 (D.N.J. July 7, 2014) (dismissing complaint with "no factual

12  allegations suggesting that the voice on the other end of the line was prerecorded").[3]  This Court

13  should rule similarly here, and dismiss Plaintiff's Complaint accordingly.

14       **<u>Second</u>**, Plaintiff fails to allege whether he received the calls at issue on a cellular telephone

15  number or residential landline, as is required to state a claim under Section 227(b).  Compl. ¶ 30

16  (describing Plaintiff as the owner, payor, and user of a phone number that begins "(925) 939" but

17  failing to indicate whether the number is a cellular or landline number or whether it is used primarily

18  for residential or business use).  Section 227(b) only prohibits artificial or prerecorded voice calls

19  to cellular telephone numbers or residential landline numbers; artificial or prerecorded calls to

20  business landlines are not covered by the TCPA. *See, e.g.*, 47 U.S.C. § 227(b)(1)(A), (B); *Sandoe

21  v. Bos. Sci. Corp.*, 333 F.R.D. 4, 7 (D. Mass. 2019) ("[P]rerecorded calls to business landlines do

22  not violate the TCPA."); *Shelton v. Target Advance LLC*, 2019 WL 1641353, at *4 (E.D. Pa. Apr.

23  16, 2019) ("With regard to landlines…there is no prohibition against robocalls to businesses except

---

[3] *See also Caruso v. Cavalry Portfolio Svcs., et al.*, 2019 WL 4747679, at *4 (S.D. Cal. Sept. 30, 2019) (dismissing, noting that "Plaintiff's complaint simply parrots the statutory definition of an ATDS and other provisions of the TCPA" without providing any content of the calls or "any [other] circumstances that could support an inference that the calls were placed with an ATDS or artificial or prerecorded voice"); *Padilla v. Whetstone Partners, LLC*, 2014 WL 3418490, at *1–2 (S.D. Fla. July 14, 2014) (dismissing, *inter alia*, where plaintiff did not elaborate on the content of the alleged prerecorded message).

Manatt, Phelps & Phillips, LLP
Attorneys at Law
Los Angeles

- 18 -

CASE NO. 3:21-CV-03865-JSC
DEFENDANT'S MOTION TO DISMISS AND/OR
STRIKE PLAINTIFF'S COMPLAINT

1  to prohibit robocalls made 'in such a way that two or more telephone lines of a multi-line business

2  are engaged simultaneously.'") (citing 47 U.S.C. § 227(b)(1)(D)).  Thus, to the extent Plaintiff

3  received the calls at issue on a business landline, such calls did not violate the TCPA.

4      Having failed to allege facts sufficient to show the essential elements of his Section 227(b)

5  claim, Plaintiff's Complaint should be dismissed for this additional reason.

6  **E.**   **Plaintiff's Facially Uncertifiable Class Allegations Should Be Stricken Under**
   **Rules 12(F) and 23.**

7

8      **1.**   **Plaintiff's Class Definition is Overbroad.**

9      It is well-established that a class definition is appropriately stricken at the pleadings stage

10  where the definition is overbroad on its face.  *See e.g.*, *Sandoval v. Ali*, 34 F. Supp. 3d 1031, 1044

11  (N.D. Cal. 2014); *Kas v. Mercedes-Benz USA, LLC*, 2011 WL 13238744, at *4 (C.D. Cal. Aug. 23,

12  2011).   To avoid "definitional overbreadth," "class membership must fit the theory of legal

13  liability."  *Perez v. Wells Fargo Bank, N.A.*, 2018 WL 2129822, at *3 (N.D. Cal. May 9, 2018)

14  (citing *Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1138 (9th Cir. 2016)).  That is, there must

15  be "a reasonably close fit between the class definition and the chosen theory of liability."  *Id*.  Thus,

16  the court may strike class allegations that are "inconsistent with Plaintiff's theory of the case."

17  *Sandoval*, 34 F. Supp. 3d at 1044.

18      Here, Plaintiff's proposed class definition includes all persons in the United States to whom:

19  (a) one or more calls were made; (b) to a cell phone; (c) to promote defendant's[4] goods or services;

20  (d) using an artificial or prerecorded voice; (e) in the four years prior to the filing of the Complaint.

21  Compl. ¶ 61.

22      However, this proposed definition is facially overbroad and uncertifiable because, among

23  other things, it would include individuals for whom there could be no TCPA liability against

24  Vollara as a matter of law.  As worded, Plaintiff's class definition would include persons who

25  ***consented*** to be called.  *See* 47 U.S.C. § 227(b)(1)(A), (B); 47 C.F.R. § 64.1200(a)(2) (no TCPA

26

---

27  [4] Plaintiff's class definition is also impermissibly vague, as there are two named defendants in this
    case.  Thus, it is unclear which "defendant's goods or services" Plaintiff's class is intended to

28  encompass.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 19 -

CASE NO. 3:21-CV-03865-JSC
DEFENDANT'S MOTION TO DISMISS AND/OR
STRIKE PLAINTIFF'S COMPLAINT

violation for calls made with the "prior express written consent" of recipient); *see also Sanders*, 672 F. Supp. 2d at 991 (striking class definitions prior to class certification in part because the class included individuals who were not injured and therefore suffered no damages); *Licari Family Chiropractic Inc. v. eClinical Works, LLC*, 2019 WL 7423551, at *3–5 (M.D. Fla. Sept. 16, 2019) (denying class certification in TCPA case where proposed class did not exclude individuals who solicited the fax at issue and thus had no claim).

Further, Plaintiff does not allege that the phone number on which he received the alleged calls is a cellular telephone number.  *See* discussion at Section IV.D.2, *supra*.  Accordingly, his class definition does not fit his chosen theory of liability and should be stricken for this additional reason.  *See Sandoval*, 34 F. Supp. 3d at 1044.

## 2.      Plaintiff is Not a Member of the Class He Seeks to Represent.

It is well established that the representative plaintiff must be a member of the class he seeks to represent.  *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 156 (1982); ("We have repeatedly held that a class representative must be part of the class[.]"); *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 216 (1974) ("To have standing to sue as a class representative it is essential that a plaintiff must be a part of that class[.]"); *Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1007 (9th Cir. 2018), *cert. dismissed*, 139 S. Ct. 1651 (2019) ("A named plaintiff must be a member of the class [he] seeks to represent.").

Although Plaintiff alleges the calls at issue were received on a phone number that begins "(925) 939," he does not allege that the phone number is a cellular telephone number.  *See* discussion at Section IV.D.2, *supra*.  Consequently, Plaintiff cannot represent a subclass of individuals alleging receipt of prerecorded calls to a cellular telephone number where he himself has not alleged that he received the calls at issue on a cell phone.  *Schaulis v. CTB/McGraw-Hill, Inc.*, 496 F. Supp. 666, 679 (N.D. Cal. 1980) (dismissing class claims where plaintiff "[was] not a member of that class of persons who have been wronged by the conduct of defendant, and consequently cannot properly represent any such class.") (citing Fed. R. Civ. P. 23(a)).

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 20 -

CASE NO. 3:21-CV-03865-JSC
DEFENDANT'S MOTION TO DISMISS AND/OR
STRIKE PLAINTIFF'S COMPLAINT

1    Accordingly, Plaintiff's class definition should be stricken on these grounds as well.[5]

2    **V.    CONCLUSION**

3        For these reasons, Defendant respectfully requests that the Court enter an order dismissing

4    the Complaint in its entirety and with prejudice and/or striking the class allegations from the

5    Complaint.[6]

6    Dated: July 23, 2021                        MANATT, PHELPS & PHILLIPS, LLP

7

8                                               By: /s/ Alexandra N. Krasovec
9                                                   John W. McGuinness
                                                    Alexandra N. Krasovec
10                                                  Attorneys for Defendant
                                                    VOLLARA, LLC
11

12

13

14

15

16

17

18

19

20

21

22

23

24   [5] Plaintiff's remaining class-related allegations, including in particular those in Paragraphs 62
     through 74, should also be stricken.  *See Simmons First Nat'l Bank v. Lehman*, 2015 WL 1737879,
25   at *1 (N.D. Cal. Apr. 10, 2015) ("Pursuant to [Fed. R. Civ. P.] 12(f), upon motion or sua sponte, a
     court may strike 'from any pleading any insufficient defense or any redundant, immaterial,
26   impertinent, or scandalous matter.'"); *Alan v. BrandRep, Inc.*, 2016 WL 10988679, at *3 (C.D. Cal.
     Nov. 28, 2016) (Rule "12(f) authorizes the Court to strike any redundant matter sua sponte.").
27   [6] The Court has discretion to dismiss a complaint with prejudice where, as here, amendment would
     be futile.  *Sec. People, Inc. v. Lee*, 2016 WL 9455260, at *1 (N.D. Cal. Mar. 25, 2016), *aff'd*, 2017
28   WL 1963332 (Fed. Cir. Feb. 23, 2017).

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

CASE NO. 3:21-CV-03865-JSC
DEFENDANT'S MOTION TO DISMISS AND/OR
STRIKE PLAINTIFF'S COMPLAINT